UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL CRAIG BUZZELL,

          Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

          Defendant.

**DECISION AND ORDER**
**17-CV-731**

## INTRODUCTION

Plaintiff Michael Buzzell brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of Acting Commissioner of Social Security that denied his applications disability insurance benefits ("DIB") and for supplemental security income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405 (g).

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12 (c). ECF Nos. 12, 14. For the reasons that follow, Plaintiff's motion is GRANTED and the Commissioner's motion is DENIED.

## BACKGROUND

On October 8, 2013, Plaintiff filed applications for DIB and SSI with the Social Security Administration ("SSA") alleging a disability onset date of September 21,

1

2011. Tr.[1] 175-182. On February 2, 2016, Plaintiff and a vocational expert ("VE") appeared and testified before Administrative Law Judge Bryce Baird ("the ALJ"). Tr. 36-70. On September 2, 2016, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. Tr. 11-30. Thereafter, Plaintiff commenced this action seeking review of the commissioner's final decision. ECF No. 1.

**LEGAL STANDARD**

I. **District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); see also 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); see also *Wagner v. Sec'y of Health and Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

---

[1] References to "Tr." are to the administrative record in this matter.

## II. Disability Determination

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act. See *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot so perform, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform the alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.  The ALJ's Decision

The ALJ's decision analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 24, 2011, the alleged onset date. Tr. 16. At step two, the ALJ found that Plaintiff has the following severe impairments: depression; anxiety; panic disorder without agoraphobia; degenerative disc disease of the lumbar spine; and arthritis. *Id.* At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 17-19.

Next, the ALJ determined that Plaintiff retains the RFC to perform light work[2] with additional limitations. Specifically, Plaintiff can sit six hours in an eight hour work day; stand and walk four hours in an eight hour workday with a sit and stand option allowing Plaintiff to sit or stand at the workstation while remaining on task; be off task for up to 30 seconds every 15 minutes to adjust position, stretch or walk; limited to occasional climbing of ramps and stairs, kneeling, crouching and crawling; can balance and stoop frequently; no climbing of ladders, ropes, or scaffolds; required to use a cane for prolonged ambulation or ambulation over uneven terrain; no exposure to excessive vibration or hazards such as unprotected heights or moving machinery; limited to performing simple routine tasks that can be learned after a short demonstration or within 30 days; no production rate or pace work; no teamwork such as on a production line; no driving a vehicle; no more than superficial interaction with the public and up to occasional interaction with coworkers. Tr. 19.

At step four, the ALJ found that Plaintiff cannot perform his past relevant work as a delivery driver, truck driver, roofer, and metal building assembler. Tr. 27. At step five, the ALJ relied on the VE's testimony and found that Plaintiff can adjust to other work that exists in significant numbers in the national economy given his RFC, age of 33-years on the alleged onset date, and high school education. Tr. 28.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

Specifically, the VE testified that Plaintiff could perform the requirements of representative light, unskilled SVP2 occupations such as "assembler II small products" (DOT #739.687-030), "collator" (DOT #653.687-010), and "routing clerk" (DOT #222.587-038). *Id.* Accordingly, the ALJ concluded that Plaintiff was not "disabled" under the Act. Tr. 29.

## II. Analysis

Plaintiff argues that the ALJ violated the treating physician rule in rejecting the treating medical opinion of Michael Fernaays, M.D. ("Dr. Fernaays"). ECF No. 12 at 21. Specifically, Plaintiff argues that the ALJ failed to provide adequate reasons for discrediting Dr. Fernaays' opinion. *Id.* The Commissioner contends that the ALJ properly analyzed the medical and opinion evidence in determining Plaintiff's RFC. ECF No. 14 at 24. Having reviewed the ALJ's decision in light of the Plaintiff's arguments, this Court finds reversible error.

### A. Treating Physician Rule

When determining a claimant's RFC, the SSA's regulations require the Commissioner to "evaluate every medical opinion it receives, regardless of its source." *Young v. Berryhill*, No. 15-CV-6711-FPG 2017 WL 1196472 at *3 (W.D.N.Y. March 31, 2017) (citing 20 C.F.R. § 404.1527 (c)). The ALJ must consider the following factors when he or she weighs a medical opinion: (1) whether the source examined the claimant; (2) whether the opinion was rendered by a treating source; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is

consistent with the record as a whole; (5) whether the opinion was rendered by a specialist in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. § 416.927 (c)(1)-(6). Under the treating physician rule, the ALJ must give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal citation and quotation marks omitted). The ALJ must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); see also 20 C.F.R. § 404.1527(c)(2) (stating that the agency "will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion").

### 1. Dr. Fernaays

Plaintiff argues that the ALJ erred in evaluating Dr. Fernaays' medical opinion by rejecting two portions of the opinion for conclusory reasons and by failing to provide any reasoning for his rejection of the remainder of the opinion. ECF No. 12 at 21. The Commissioner contends the ALJ properly analyzed the opinion evidence in determining Plaintiff's RFC. ECF No. 14 at 24.

On January 29, 2016, Dr. Fernaays authored a physical residual functional capacity questionnaire for the Plaintiff after treating him every 1-2 months for three and half years. Tr. 767-771. Dr. Fernaays diagnosed Plaintiff with back pain, left piriformis syndrome, torticollis, Barrett's esophagus, anxiety disorder, and emotional dysregulation. Tr. 767. He opined that Plaintiff would likely be absent more than four days per month as a result of his impairments or treatment. Tr. 770. He also opined that Plaintiff's pain and other symptoms would frequently interfere with the attention and concentration needed to perform work tasks. Tr. 768. He concluded that Plaintiff would rarely be able to lift and carry 20 pounds, occasionally 10 pounds, and frequently less than 10 pounds. Tr. 769. He estimated that Plaintiff would be able to sit for 30 minutes before needing to get up and stand for 10 minutes before needing to sit down. *Id.* He also estimated that Plaintiff could sit and stand/walk for less than two hours in an 8-hour workday with a required 5 minute walk every 30 minutes. Tr. 769. He noted that Plaintiff would require the ability to shift positions at will and would need to take unscheduled 5-minute breaks every 30 minutes. *Id.*

In his decision, the ALJ accorded "little weight" to the treating opinion and reasoned, "there was no basis for the 4 days of missed work per month and no basis for [the] opinion that symptoms of pain would interfere with concentration constantly." Tr. 27. Here, the ALJ's reasoning for discrediting Dr. Fernaays' opinion is inadequate. Specifically, the ALJ cites to no objective medical evidence in support of his conclusion that there was "no basis" for Dr. Fernaays' opinions that Plaintiff would miss work each

8

month and that Plaintiff's pain would constantly[3] interfere with his concentration. *See Nix v. Astrue*, No. 07-cv-344, 2009 WL 3429616, at *9 (W.D.N.Y. Oct. 22, 2009) ("In terms of the ALJ's finding of inconsistencies with 'objective medical evidence,' the ALJ commits legal error by failing to articulate the 'objective medical evidence' with which these findings are inconsistent."). Further, the ALJ failed to evaluate the remainder of Dr. Fernaays' opinion, despite detailing the doctor's findings from the 5-page physical residual functional capacity questionnaire in his RFC analysis. *See* Tr. 26.

In support of the RFC, the ALJ accorded "some weight" to the medical opinion of State Agency consultative examiner, Dr. Donna Miller ("Dr. Miller") and relied on his own interpretation of the medical evidence and testimony in the record. Tr. 27. Dr. Miller authored a medical source statement upon examination of Plaintiff on December 5, 2013. Tr. 527-530. Dr. Miller diagnosed Plaintiff with chronic low back pain, sciatica, piriformis syndrome, torticollis, and chronic intermittent left knee pain. Tr. 529. She opined Plaintiff has mild limitation with repetitive lifting, bending, carrying, reaching, pushing, and pulling. Tr. 530. The ALJ reasoned that Dr. Miller's consultative examiner opinion was "based on examination and program knowledge." Tr. 27. However, the particular limitations set forth in the ALJ's RFC are not supported by Dr. Miller's medical opinion of "mild limitations." The ALJ decided to "restrict [Plaintiff] further based on testimony and medical evidence of record," without identifying the evidence and testimony upon which he was relying or explaining how it supported his findings regarding the Plaintiff's functional capacity.

---

[3] The Court notes that Dr. Fernaays opined that pain symptoms would "frequently" interfere with Plaintiff's attention and concentration, not "constantly." Tr. 768

9

The Commissioner argues that the ALJ further restricted Plaintiff's functional abilities beyond Dr. Miller's findings, to Plaintiff's benefit, and that the ALJ determined the RFC after considering all of the medical evidence. ECF No. 14 at 28. Generally speaking, an ALJ may determine that a claimant retains a RFC that does not perfectly correspond with any of the opinions of medical sources cited, provided that the RFC is consistent with the record as a whole. *Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. Jan. 25, 2013) (summary order). However, this does not relieve the ALJ from properly evaluating the medical opinions and properly explaining the reasons for the weight assigned to a treating physician's opinion. *See Halloran*, 362 F.3d 28, 33 (2d Cir. 2004) (holding that when the treating physician's opinion is not afforded controlling weight, the ALJ must nonetheless "comprehensively set forth reasons for the weight" ultimately assigned to the treating source); *accord Snell*, 177 F.3d at 133 (stating that the responsibility of determining weight to be afforded does not "exempt administrative decisionmakers from their obligation… to explain why a treating physician's opinion is not credited") (referring to *Schaal*, 134 F.3d at 505 and 20 C.F.R. § 404.1527 (d)(2)). In this case, the ALJ failed to adequately explain why he discredited Dr. Fernaays' opinions that Plaintiff would miss more than 4 days of work per month and would be limited in his attention and concentration by his pain. Further, the ALJ failed to explain what medical evidence and/or testimony he relied upon in support of the particular limitations he included in Plaintiff's RFC.

Remand is therefore required for the ALJ to properly consider the medical opinion evidence. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (holding that failure to satisfy the treating physician rule constitutes legal error, and "ordinarily requires remand to the ALJ for consideration of improperly excluded evidence"); *Webb v. Colvin*, No. 12-cv-753, 2013 WL 5347563, at *6 (W.D.N.Y. Sept. 23, 2013) (remanding where ALJ rejected treating source's opinion with ALJ's explanation that it "was not supported by treatment notes or the objective medical evidence of record.").

Accordingly, on remand, the ALJ is directed to evaluate and delineate which portions of Dr. Fernaays' opinion will be incorporated into his RFC finding, and which will not be included. For those portions of the opinion that are not included, the ALJ must explain why, when determining Plaintiff's capacity to perform relevant functions. *See Vazquez v. Comm'r of Soc. Sec.*, 2015 WL 4562978, at *14 (S.D.N.Y. July 21, 2015) ("Where an ALJ ignores relevant evidence that is before him and neglects to 'adequately explain which evidence' he rejects and why, remand is appropriate.") (internal citation omitted); 20 C.F.R. § 404.1529(c)(1).

**Conclusion**

For the reasons stated above, Defendant's motion for judgment on the pleadings (Dkt. No. 14) is DENIED, and Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is GRANTED to the extent that the Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings consistent with this Decision and Order.


DATED:    Buffalo, New York
          December 18, 2018

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**